IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY D. LYNCH<br>RR 2, Box 199<br>Clinton, IL 61727<br><br>      Plaintiff,<br><br>vs.<br><br>ILLINOIS CENTRAL RAILROAD<br>COMPANY<br><br>SERVE:   CT Corporation<br>              Registered Agent<br>              208 S. LaSalle St., #814<br>              Chicago, IL 60604<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 05-833-MJR<br>Division No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### COUNT I

COMES NOW plaintiff, Anthony D. Lynch, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count I of his cause of action against the defendant, Illinois Central Railroad Company, a corporation, states:

### Jurisdictional Statement

1. Plaintiff, Anthony D. Lynch, is and was at all times relevant a resident of Clinton, Illinois.

1

2. Defendant, Illinois Central Railroad Company, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which comprises the United States District Court of the Southern District of Illinois.

3. Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4. This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5. Venue of this action is proper in the United States District Court for the Southern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

### Federal Employers Liability Act

6. That at all times hereinafter mentioned, plaintiff, Anthony D. Lynch, was employed by the defendant, Illinois Central Railroad Company, in interstate commerce.

7. That since 1979, plaintiff was employed as a conductor for the defendant, Illinois Central Railroad Company, at or near Clinton, Illinois, plaintiff was required to walk and work in large, oversize ballast and ride on locomotives over rough tracks on

defective seats causing injuries to his back, bilateral knees and hands causing him to be seriously and permanently injured.

8.  Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the defendant in failing to provide plaintiff with a reasonably safe place to work in one or more of the following:

    a)    Failed to provide Plaintiff with a reasonably safe place to work; or

    b)    Failed to provide reasonably safe conditions for work; or

    c)    Failed to provide reasonably safe methods of work; or

    d)    Failed to enact a comprehensive ergonomics program; or

    e)    Defendant failed to provide reasonably safe equipment or tools for work; or

    f)    Defendant failed to provide adequate protection from exposure to cumulative trauma; or

    g)    Defendant failed to provide adequate training; or

    h)    Defendant failed to provide adequate safety or personal protective equipment; or

    i)    Defendant failed to warn plaintiff of the danger of exposure to cumulative trauma; or

    j)    Defendant failed to provide adequate help; or

    k)    Defendant required plaintiff to repetitively use his hands and arms in awkward positions; or

l)  Defendant required plaintiff to repetitively use his hands and arms in awkward positions and did not warn him of the dangers of so doing; or

m)  Defendant failed to follow the recommendations of the AAR ergonomics studies performed in the late 1980's and early 1990's; or

n)  Defendant knew of the risks of repetitive trauma to its employees and failed to warn plaintiff; or

o)  Defendant failed to follow the recommendations of its own internal group studying the issue of cumulative trauma; or

p)  It failed to provide reasonably safe pathways; or

q)  It failed to properly inspect the ballast or pathway; or

r)  Failed to properly maintain the ballast or pathway; or

s)  Failed to properly tamp the ballast; and

t)  Failed to comply with 49 C.F.R. 213.

9. As a result of the aforementioned conduct of the defendants, plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: plaintiff suffered injuries to his back, bilateral knees and hands and adjacent structures; plaintiff was caused to undergo x-rays and painful tests; he was caused to undergo medical treatment; plaintiff has lost the wages of his employment with defendant and will in the future lose further such wages; plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future

Case 3:05-cv-00833-MJR-CJP Document 1-1 Filed 11/23/2005 Page 5 of 7

have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to plaintiff's damage in a sum to be determined.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## **COUNT II**

### Negligence Per Se

COMES NOW plaintiff, Anthony D. Lynch, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count II of his cause of action against the defendant, Illinois Central Railroad Company, a corporation, states:

10. Plaintiff restates and realleges paragraphs 1 through 9 of Count I, as if fully set forth herein.

11. That Plaintiff's herein stated injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant in that Defendant failed to keep and maintain those margins and/or areas alongside its tracks, where railroad employees, including Plaintiff, are required to walk/work in the course of their duties, reasonably free from hazards of which Defendant knew or which should have been known to exist, thereby constituting a violation of 49 C.F.R. 213.

12. Defendant's violation of said and federal regulation constitutes negligence per se.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT III

### (Locomotive Inspection Act)

COMES NOW plaintiff, Anthony D. Lynch, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count III of his cause of action against the defendant, Illinois Central Railroad Company, a corporation, states:

13. Plaintiff restates and realleges paragraphs 1 through 5 of Count I, as if fully set forth herein.

14. That since 1979, while employed as a conductor for the Defendant, Illinois Central Railroad Company in Chicago, Illinois and during the course of his employment as an engineer for the Defendant, Plaintiff was injured in the performance of his duties while working on the Trailing Engine's cutout valve.

15. That on said date, defendant, Illinois Central Railroad Company, used on its line of railroad, in violation of 49 U.S.C. 20701 (formerly 45 U.S.C., Section 23), commonly known as the "Locomotive Inspection Act" a locomotive which was not in

proper condition and which could not be safely operated without unnecessary peril of life and limb because it was defective and because it was not properly maintained.

16. As a result of the aforementioned conduct of the defendants, plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: plaintiff suffered injuries to his back, bilateral knees and hands and adjacent structures. Plaintiff has lost the wages of his employment and will in the future lose such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums; Plaintiff's ability to work, labor, and enjoy the normal pursuits in life have been permanently damaged.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

RATHMANN & O'BRIEN, L.L.C.

_____
PATRICK S. O'BRIEN #3127549
1031 Lami
St. Louis, MO 63104
(314) 773-3456

Attorneys for Plaintiff